UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sara A. Stough, | Court File No._____ |
| Plaintiffs, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Allentown, Inc., a New Jersey corporation, | |
| Defendant. | |

Plaintiff, for her Complaint herein, states as follows:

## Parties

1. Plaintiff is a citizen and resident of Minnesota.

2. Defendant Allentown, Inc., is a corporation organized and existing under the laws of the state of New Jersey. Allentown, Inc., maintains its principal place of business at 165 Route 526, Allentown, New Jersey 08501. Allentown, Inc., is therefore a citizen of New Jersey.

## Jurisdiction and Venue

3. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

4. Venue in this district is proper under 28 U.S.C. §1391(b)(1) because Plaintiff resides in this district and the tort occurred in this district.

**Factual Allegations**

5. On March 21, 2019, Plaintiff was employed by the University of Minnesota as an Animal Lab Attendant.

6. As part of her duties as an employee, Plaintiff was exposed to a large, tall, heavy rack with cages used to house rats.  Said rack was designed and manufactured by Defendant Allentown, Inc., identified as Allentown, Model No. PNC10147KU35SP-R, Serial No. PNC-120804-A.

7. On March 21, 2019, Plaintiff suffered a right tibia/fibula injury and a mild traumatic brain injury when the subject rat rack tipped over and fell on top of her while Plaintiff was drying it after washing and cleaning the rat rack.

8. As a direct and proximate result of the subject incident, and Defendant's wrongful and tortious conduct, as alleged hereafter, Plaintiff has incurred medical bills in excess of $80,000, wage loss of at least $14,960, and pain and suffering, and will incur such special and general damages in the future.

**Defendant's Prior Knowledge of Defect**

9. On or about January 15, 2011, Defendant was sued by one Florence Parker in the Circuit Court for the City of Baltimore (that Defendant later removed to the United States District Court for the District of Maryland on March 2, 2011) for injuries Parker sustained when a similar or identical rack manufactured by Defendant fell over and seriously injured Parker.

10. In the course of that litigation, Defendant Allentown learned that the Maryland Occupation Safety and Health, an agency of the Maryland Department of

Labor, concluded that users of the similar or identical rack were exposed to being struck by or crushed by the overturning rack, weighing approximately 750 to 1100 pounds, because the similar or identical rack did not have an adequate base to height ratio.

11.  In the course of that litigation, Defendant Allentown also learned that MOSH proposed several methods for correcting the hazard including increasing the base dimensions of the similar or identical rack by installing outriggers or diminishing the height of the racks by removing the rack's HVAC system.

12.  In the course of that litigation, Defendant Allentown also learned that Parker's expert opined that the similar or identical rack was defective as it was unreasonably front-heavy and top-heavy with a propensity to tip over and cause serious injury.

## First Claim for Relief
### (Negligence)

13.  Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates those allegations by reference as if fully set forth herein.

14.  Defendant Allentown had a duty to design, manufacture, and sell the rack in a manner that rendered it safe for use in the manner intended by Defendant Allentown.

15.  Defendant Allentown breached this duty because the rack as designed, manufactured, and sold by Defendant Allentown was defective because, among other things, it had an inadequate base to height ratio and was top-heavy and front-heavy, making it prone to tipping over and rendering it unsafe for use in the manner intended by Defendant Allentown or was otherwise defective.

16. Defendant Allentown knew or should have known before March 21, 2019 (the date of the subject incident) that the rack was defective because it was top-heavy, and front-heavy and prone to tipping over onto people.

17. As a direct and proximate breach of this duty, Plaintiff was seriously injured when the rack collapsed on her while being used in the manner intended by Defendant Allentown.

## Second Claim for Relief
### (Strict Liability)

18. Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates those allegations by reference as if fully set forth herein.

19. Defendant Allentown had a duty to use reasonable care to design, manufacture and sell a rack that was not unreasonably dangerous to those using the product in a manner intended by Defendant Allentown.

20. The rack as designed, manufactured and sold by Defendant Allentown rendered the rack unreasonably dangerous to Plaintiff when she used the product in a manner intended by Defendant Allentown because, among other things, the rack did not have an adequate base to height ratio and was top-heavy and front-heavy, rendering it dangerously prone to tip over onto people causing serious injury, or was otherwise defective.

21. Defendant Allentown knew or should have known before March 21, 2019 (the date of the subject incident) that the rack was defective because, among other

4

things, it had an inadequate base to height ratio and was top-heavy, and front-heavy and prone to tipping over onto people.

22.  As a direct and proximate result of this defective design, Plaintiff was seriously injured when the rack collapsed on her while she was using it in a manner intended by Defendant Allentown.

### Third Claim for Relief
### (Failure to Warn)

23.  Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 12 above and incorporates those allegations by reference as if fully set forth herein.

24.  By September 19, 2012, Defendant Allentown knew all of the facts from the Parker litigation as alleged in paragraphs 9 through 12 above.

25.  Defendant Allentown had a duty to provide post-sale warnings of product dangers it became aware of to purchasers or users that may be exposed to those dangers when the rack was used as intended.

26.  Despite active or constructive knowledge of the dangerous defect in and condition of the rack, Defendant Allentown failed to provide requisite warnings to Plaintiff or to her employer as required by law.

27.  As a direct and proximate result of this failure, Plaintiff's employer continued to use Defendant Allentown's rack, and Plaintiff continued to use it without knowledge that the rack was defective because it had an improper and inadequate base to height ratio and was top-heavy and front-heavy, rendering it dangerous and prone to tip over and seriously injure Plaintiff.

28. As a direct and proximate result of the defective design, manufacture, and sale of the subject rack, Plaintiff was seriously injured when the rack collapsed on her while she was using it in a manner intended by Defendant Allentown.

## Damages

29. Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 28 above and incorporates those allegations by reference as if fully set forth herein.

30. As a direct and proximate result of Defendant Allentown's tortious conduct as alleged above, Plaintiff sustained serious, permanent and disabling injuries to his mind and body including, but not limited to, a closed right tibia/fibula fracture and a closed left proximal fibula fracture and a traumatic brain injury. As a result of the injuries sustained by Plaintiff, she has suffered in the past, and will suffer in the future, pain, suffering, disability, mental anguish, and other general damages, including a significant reduction in her ability to enjoy life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000).

31. As a direct and proximate result of Defendant Allentown's tortious conduct as alleged above, Plaintiff has been, and will in the future, be required to expend sums of money as and for medical, hospital, and related care in an attempt to treat and cure the injuries she sustained.

32. As a direct and proximate result of the use of Defendant's defective rat rack and her resulting injuries, Plaintiff has sustained a loss of income and earning capacity, and will in the future sustain such losses.

33. Plaintiff reserves the right to amend this Complaint to seek punitive damages pursuant to Minnesota Statutes section 549.20

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Awarding Plaintiff reasonable compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000);

2. Awarding Plaintiff pre-judgment and post-judgment interest according to law;

3. Awarding Plaintiff her costs and disbursements incurred herein; and

4. Such other and further relief as the Court deems just and equitable.

ROBINS KAPLAN LLP

Dated: August 17, 2020

By: /s/ Philip Sieff
Philip Sieff, #0169845
David E. Bland, #0008795
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-8500
psieff@robinskaplan.com
dbland@robinskaplan.com

William L. H. Lubov, #0064762
Lubov Anderson, LLC
7500 Olson Memorial Highway
Suite 180
Golden Valley, MN 55427
763-529-4200

ATTORNEYS FOR PLAINTIFF

## Jury Trial Demand

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all claims and issues so triable herein.

ROBINS KAPLAN LLP

Dated: August 17, 2020

By: /s/ Philip Sieff
Philip Sieff, #0169845
David E. Bland, #0008795
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-8500
psieff@robinskaplan.com
dbland@robinskaplan.com

William L. H. Lubov, #0064762
Lubov Anderson, LLC
7500 Olson Memorial Highway
Suite 180
Golden Valley, MN 55427
763-529-4200

ATTORNEYS FOR PLAINTIFF

90644626.2